Reese, J.
delivered the opinión of the court.
This is an action of assumpsit brought by the plaintiff against the defendant upon a guaranty. • In the declaration it is set forth, that in consideration the said James G. Woodson had sold a tract of land therein mentioned to the defendant, he made and executed his instrument of writing, &c. in which he “guar-anteedthe “collection>” of a note executed by John W. Oliver for $154 10, due 1842, which was transferred to the plaintiff by R. W. Moody, in case it should not be collected from the maker'John W. Oliver, or the said R. W. Moody; and the declaration averred that the “amount due upon said note could not be collected from the maker Or the endorser, and that the amount had never been paid by the maker or endorser; never *307 theless, the defendant, not regarding his said promise, and undertaking, &c. has not paid, &c. although often requested,” &c.
The defendant pleaded the general issue, upon which a trial was had, and the jury found a verdict for the plaintiff. The defendant moved in arrest of judgment, and the Circuit Court ari-ested the judgment.
This action of the Circuit Court was based upon the ground, as we understand, that the declaration, after stating the non-collection of the note from the maker and endorser, and the nonpayment by them, should have alleged a promise, on the part of the defendant, to pay, and that the omission of such an allegation is fatal even after verdict. Of the instrument of guaranty we can know nothing in this aspect of the question, except as it is set forth in the declaration. The defendant, according to that, guarantees the collection of the note in case it is not collected from the maker or endorser; that is, he promises and binds himself to pay the amount of the note if it cannot be’collected from the maker and endorser; and the plaintiff avers it could not be collected, was not paid, and that the defendant had broken the promise contained in the guaranty.
Do these circumstances and facts-constitute only a defective title; or do they constitute a title which at the worst can be said to be only defectively stated? if the latter were the case, then the plea and the verdict would cure such defective statement. But we do not suppose that the statement of title to recover is even defectively set forth. For, where an action of assumpsit is brought upon an instrument which itself contains a promise or undertaking to pay, or some expression equivalent to a promise to pay, it is not necessary formally to set forth another promise resulting from legal liability. See Chitty, 7th Am. ed. 352, 490, n. q. s; 4 T. R. 149; Salk. 128; Stra. 214.
We see no just ground, therefore, for arresting the judgment.
2. The next question arises upon a bill of exceptions taken in the case, and is, whether a new trial should be granted to the defendant for any thing erroneous in the charge of the court. The court charged the jury, that to entitle the plaintiff to recover, he must show, that after the use of reasonable diligence on his part the amount of the note on J. W. Oliver could not be collected.
*308 The plaintiff was not bound to use the greatest possible diligence, but such as a prudent and vigilant man would bestow on his affairs. That the note not being negotiable, the endorser was not liable at all; and that, as to notice, the defendant was not entitled thereto, unless it appeared that he was prejudiced for the want of it. But if the maker of the note guaranteed was solvent when the note fell due, the law would infer that the defendant was prejudiced; that such inference must be rebutted by proof showing that the defendant suffered no injury by not being notified; in which event, no notice was necessary. That the point of time at which defendant was entitled to notice, if Oliver was solvent when the note fell due, was within a reasonable time after the failure of the endorser to collect the note from Oliver and Moody was known, and not at the time the note fell due.” In this charge, we think there is no error, of which the defendant can complain. In the case of Wilds vs. Savage, 1 William W. Story’s Rep. Justice Story, in one of those elaborate judgments which reviews all the cases and exhausts the subject, sums up the matter involved in the above charge thus: “I take the doctrine to be well settled, that upon a guaranty to discharge the guarantor, there must not only be a want of notice within a reasonable time, but there must also be some loss or damage sustained by the guarantor, and that if there be a loss or damage, that the guaranty is not totally discharged, but only jjro tanto to the amount of the loss or damage. The case is constantly distinguished in the authorities from that of an endorser to negotiable paper. The latter is entitled to strict notice. The guarantor is entitled only to notice where he is or may be prejudiced by the want of it. If the debtor is solvent when the money becomes due, and no notice is given to the guarantor, and the debtor afterwards, and before notice, becomes insolvent, the guaranty is discharged.” The last expression in the above extract has relation to a case where the payment of the note, when it becomes due, is guaranteed; and does not apply to a case like that before us, where the guarantor does not become liable to pay at the time the note falls due in default of payment by the maker, but only becomes liable after a failure to collect by suit; then, if the maker be solvent *309 when the note falls due, the guarantor is entitled to notice within a reasonable time after the failure to collect by the use of due diligence has been ascertained: and that was the charge of the Circuit Court. In this part of it, therefore, or in any other, we see no just ground for reversal.
The judgment of the Circuit Court, therefore, in arrest, will be overruled; a new trial will be refused, and judgment be given upon the verdict.